`319`

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise is similar in all material respects to the miniature leather gloves the subject of *United States* v. *Ignaz Strauss & Co., Inc.* (37 C. C. P. A. 32, C. A. D. 415), the claim of the plaintiff was sustained.

**No. 54877.**—Gafco, Inc., et al. *v.* United States, protests 57367–K, etc. (New York).

Opinion by MOLLISON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 54878.**—Anco Import Corp. et al. *v.* United States, protests 136988–K, etc. (New York).

Opinion by MOLLISON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, NOVEMBER 28, 1950

**No. 54879.**—Kelbert Watch Co. *v.* United States, protests 111303–K, etc. (New York).

Opinion by LAWRENCE, J. It was stipulated that the items of merchandise marked "A" or "B" on the invoices consist of watch movements similar in all material respects to those which were the subject of *United States* v. *Helbros Watch Co. et al.* (38 C. C. P. A. 1, C. A. D. 430). Upon the agreed statement of facts and the cited authority, the items marked "A" were held properly dutiable at the base rate of 90 cents each as watch movements more than 1 inch but less than 1.77 inches wide, and the items marked "B" were held dutiable at $1.20 each as watch movements more than $\%_0$ of 1 inch but not more than 1 inch wide under paragraph 367 (a) (1), as modified, *supra*.

**No. 54880.**—Aristo Import Co., Inc., et al. *v.* United States, protests 112253–K, etc. (New York).

Opinion by LAWRENCE, J. It was stipulated that the items of merchandise marked "A" or "B" on the invoices consist of watch movements similar in all material respects to those which were the subject of *United States* v. *Helbros*

*Watch Co. et al.* (38 C. C. P. A. 1, C. A. D. 430). Upon the agreed statement of facts and the cited authority, the items marked "A" were held properly dutiable at the base rate of 90 cents each as watch movements more than 1 inch but less than 1.77 inches wide, and the items marked "B" were held dutiable at $1.20 each as watch movements more than $\frac{9}{10}$ of 1 inch but not more than 1 inch wide under paragraph 367 (a) (1), as modified, *supra*.

**No. 54881.**—Geo. S. Bush & Co., Inc. *v.* United States, protest 151589-K (Seattle).

Rao, Judge: The merchandise involved in this case was invoiced as "Parts for Troyer Fox Can Seaming Machine" and "Repair Parts for Salmon Can Filling Machine." The various items listed in the invoice under these two headings were classified by the collector of customs at the port of Seattle, as "Parts of packaging machine 'other' " and assessed with duty at the rate of 27½ per centum ad valorem under the provisions of paragraph 372 of the Tariff Act of 1930. Plaintiff claims in its protest or by amendment thereto that the merchandise should have been assessed with duty at the rate of 15 per centum ad valorem, as other machines and parts, or as other machine tools and parts, as provided for in said paragraph 372, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802.

Paragraph 372 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, *supra*, provides for—

Machines, finished or unfinished, not specially provided for:

    Machines for packaging pipe tobacco; machines for wrapping cigarette packages; machines for wrapping candy; and combination candy cutting and wrapping machines_____ 10% ad val.

    \*       \*       \*       \*       \*       \*       \*

    Other (except wrapping and packaging machines; food grinding or cutting machines; machines for determining the strength of materials or articles in tension, compression, torsion, or shear; machines for making paper pulp or paper; machines for manufacturing chocolate or confectionery; and internal-combustion engines)_____ 15% ad val.

Parts of machines are provided for both in the tariff act and in the modification thereof at the same rate of duty as the articles of which they are parts.

All machines for wrapping and packaging, other than those hereinabove specified, are dutiable under the provisions of paragraph 372 of said act as "all other machines, finished or unfinished, not specially provided for," at the rate of 27½ per centum ad valorem.

The record in this case consists solely of a document which was received in evidence as plaintiff's illustrative exhibit 1 after the following statement by counsel for the plaintiff:

I offer in evidence as being descriptive of the machine of which the imported merchandise was part, and also descriptive of the method by which it seals a can, this document.

On one side of this so-called document there is a photograph of what purports to be a machine, the various parts of which are identified by number and name. The reverse side depicts three seaming operations with notes upon the care with which said operations should be performed. There is nothing on this exhibit to indicate whether or not these latter operations are functions of the article which appears in the photograph. In any event, there is no part on the photograph side which corresponds in name with the parts used in the seaming operation. Nor is there any proof whatsoever that the imported articles are parts of the machine which is portrayed on plaintiff's illustrative exhibit 1.

On this state of the record we find that there is not sufficient evidence to over-